Judge Underwood,
delivered the opinion of the court.
On the 9th of May, 1826, U. K. Peebles executed an obligation to Gordon for $150, payable twelve months after date in cash notes, &c. In February 1827, Gordon assigned said obligation to Jessee Duncan. On the 7th of September, 1827, Peebles confessed a judgment in the Hopkins circuit court, upon said obligation for $ 116, 50 cents, in damages and costs. On the 18th September, 1827, an execution issued on said judgment, which with another execution, was levied on a press which sold for $2,50 cents only, to be apportioned between the executions. The officer returned “no other estate found.” There was a term of the Hopkins circuit court, allowed by law, in June 1827, but from some cause no court was then held, as proved by the clerk.
It'appears that the obligation aforesaid, was given by Peebles, in consideration of a contract for the purchase of a house and lot in Madisonville, and that thereafter, Peebles and Gordon rescinded the contract, when Gordon executed an instrument of writing to the following effect: “I owe U. K. Peebles one hundred dollars, Commonwealth’s paper, which Tam to pay on an execution now in the hands of the sheriff *521 of Hopkins count}', Jesse Duncan, assignee, against said Peebles, this 29th October, 1827.
sequence of^ covenantor’s non-compli-covenant*1 hlS judgment for costo has been rel?cler®1j a]aw, decided, no^avoicfthe judgment for costs by an chance/lor**'9
A. G. GORDON.”
Gordon having- failed to pay the $100 according to his covenant, on the 9th of August, 1828, suit was instituted agains him for the failure, in the name of Peebles, but for the use of Hill; and in the ensuing September judgment was obtained by default for $100 damages and costs, the plaintiff endorsing his willingness to receive the commonwealth’s paper.
Gordon then filed his bill, enjoining the collection ■of the judgment in the name of Peebles, for the use of Hill, upon the ground that as assignor he was responsible to Duncan, who, in consequence of the insolvency of Peebles, would be unable to collect the residue of his judgment, and that he designed to guard against this responsibility in rescinding the contract with Peebles.
The court decreed a. perpetuation of the injunction, and required Gordon to pay the $100 in Commonwealth’s bank paper to Duncan’s administrator,, and that the judgment, Duncan vs. Peebles, should be credited by the amount, and Hill was required to pay costs, both to Gordon and the administrator of Duncan. From this decree Hill has appealed.
The decree cannot be sustained. There is no ground upon which Gordon can be exonerated from paying the costs of the suit at law, instituted against him by Peebles for the use of Hill. Gordon had fail•ed to comply with his covenant. An action at Jaw was the proper remedy to coerce him. The costs incurred were the consequence of his wrong, and he should pay them. The decree prevents their collec-iron from him.
We also think the decree erroneous upon the main -question. Gordon does not appeal to the chancellor with a good grace. He has never offered to comply with his covenant, by tendering the money. It is proved that he denied his responsibility, as assignor to Duncan, charging the latter with laches, and threat-ning to purchase claims on Peebles at a discount, in order to meet his covenant for the $100 currency. He was displeased with Hill, (who seems to be a bona *522 fide holder of the judgment in Peebles’ name) for defeating this project of buying up claims on Peebles, with which to settle the covenant. He thus manifests a culpable repugnancy to comply with his contract, and evinces a disposition to make gain by its violation, and then when damages are recovered at law for its breach, he applies to the chancellor for a specific execution of it, having no better equity than the assumption'of a liability, as assignor, which he had disclaimed. To say the least, it is doubtful whether the liability thus assumed really exists. Duncan’s delay in proceeding against Peebles by due course of law, exonerated the assignor unless there had been some stipulation to continue bound notwithstanding the delay, or unless the fact of there being no court held at the June term excuses the delay, it does not appear that Gordon authorized Duncan to delay bringing suit. Whether it be or be not sufficient, to say, that judgment was obtained by Duncan against Peebles as early as if suit had been brought the day after the obligation became payable, in consequence of no court being held in Hopkins at the June term 1827, need not now be determined: Because it does not appear that Peebles was a resident of Hopkins county. It is proved that he moved to Christian, but the precise time is uncertain. Upon a consideration of the whole case, we are of opinion that Gordon’s bill should have been dismissed with costs, and his injunction dissolved, with damages.
Richardson and Calhoon, forUppellant; JlíoreÁeaá and. ■McHenry, for appellee.
Wherefore, the decree of the circuit court is reversed with costs, and the cause remanded, with directions to decree in conformity with this opinion.